IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATIONAL WILDLIFE FEDERATION, et al.,

Plaintiffs,

v.  No. 14-590-DRH-DGW

UNITED STATES ARMY CORPS OF ENGINEERS, et al.,

Defendants.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiffs move to supplement the certified administrative record filed by defendants (Doc. 57). Plaintiffs allege that the administrative record is incomplete because defendants omitted from it thirteen documents that are pertinent to the Court's review of the final agency actions at issue. Plaintiffs have proposed a supplemental administrative record that includes the omitted documents. Defendants argue, and the Court agrees, that augmentation of the administrative record is both unnecessary and improper.

Here, augmentation is unnecessary because the existing report gives ample explanation of defendants' decision-making process. When reviewing administrative decisions, the court's task is to assess the agency decision based on the record the agency presents to the court. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in

the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142, (1973). Judicial review cannot take place where the administrative record is deficient or requires speculation. See *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). However, that is not the case here. Defendants have provided sufficient documentation in the existing record to explain the rationale for the decisions at issue.

Augmentation is improper because plaintiffs have failed to show that the documents they seek to include were within the scope of defendants' consideration in reaching the challenged decisions. Judicial review should be based on the administrative record "that was before the [agency] at the time [the decision was made]." *Id*. While plaintiffs argue that defendants were aware of the omitted documents, they have not shown that such documents factored into defendants' decision-making process.

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Augment Defendants' Administrative Record (Doc. 51).

**IT IS SO ORDERED.**

Signed this 21st day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.21 15:38:30 -06'00'

**United States District Judge**